REQUESTED BY: Senator Martin F. Kahle Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Kahle:
This is in response to your inquiry as a follow-up letter to Attorney General Opinion No. 136 written to you on September 1, 1983, concerning bail and release of persons in custody.
As you indicated in your original letter, you need this information for the preparation of amendatory legislation.
First, you ask if the dollar amount of bond options under Neb.Rev.Stat. § 29-901(3) (Reissue 1979) must be the same.
As you state, defendant is given the option under this subsection of putting up, on the one hand, an appearance bond with a deposit of cash not to exceed 10 percent of the amount of the bond or, on the other hand, a bail bond with sureties approved by the judge or a cash deposit of the total sum fixed.
It must be remembered that all of the options in 29-901
that the court considers before releasing a person from custody are made upon the condition which, in the judge's sound discretion, will reasonably assure the appearance of the person for trial; if no single condition gives that assurance, a combination of the conditions may be used. In light of this, we think there is no doubt but that the court may set the face amount of the appearance bond, which only has a 10 percent deposit placed with the court, higher than the bond with sureties or a full cash deposit upon a reasonable determination of the judge that it was necessary to reasonably assure the person's appearance.
You next ask as follows:
 Next, on page 2 of your letter you state that `The court could reject the bonds under subsection (3) and release the defendant under conditions imposed under subsection (4) without violating the Constitution.' Would not such an action have to follow a determination by the court that no appearance bond or bail bond, no matter how large, would assure the appearance of the person for trial?
As mentioned earlier, the court must impose the first of the conditions of release which will reasonably assure the appearance of the person for trial, or a combination thereof. If the court reached subsection (4), it would have to determine, as you suggest, under subsection (3), that no appearance bond or bail bond, no matter how large, would reasonably assure the appearance of the person. This determination would have to be based upon some known characteristic of the person to be released which would sufficiently convince the court that the person had no regard for the forfeiture of money. When we say, no matter how large, we do so on the assumption that the court has made a reasonable determination that the person to be released has little or no regard for money and that therefore whether the bond is set at $300,000 or $10,000,000 would make any difference in reasonably assuring that the person would appear.
The same would be true as to the release of a person on the condition that he abstain from the consumption of alcohol except that here, the court would have to determine, that this was the type of person who would be unlikely or unable to appear, no matter what the penalty, were he to consume alcohol.
In going to subsection (4), a court may also consider that there is a limit to how high he may set a bond lest a higher court say it is so high as to be tantamount to a denial of bail. Where this figure is, depends on the circumstances and is impossible to forecast except to say it would be a very high figure except for the very wealthy.
In answer to your last question, a judge would not face the option in subsection (4) unless he had concluded that the options described in subsections (1), (2), and (3) were incapable of reasonably assuring the appearance of the defendant.
Finally, you ask if we are saying on page 3 of our opinion that no surety bond should be accepted unless the surety, whether a licensed insurance company or an individual, owns and describes unencumbered real estate of twice the value of the bond.
The answer is no. The statement on page 3 referred to the giving of surety bonds by individuals on their real estate in the context that those conditions applied whether there was one indictment or more than one indictment. It was not meant to apply to bonds of surety and insurance companies which, under § 29-901(3)(b), may be approved `as to such judge shall seem proper.'
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General